UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MATTHEW NELSON and
JOSHUA BRYANT,

                Plaintiffs,

      -against-

THE CITY OF NEW YORK,
FLORIN KUKA, and JOHN DOES 1-5,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ROSS, J.

CV 13 669

COMPLAINT  LEVY, M.J.

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

        Plaintiffs Matthew Nelson and Joshua Bryant, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.    At all times hereinafter mentioned, plaintiff Matthew Nelson was an adult male resident of Kings County, in the State of New York.

        2.    At all times hereinafter mentioned, plaintiff Joshua Bryant was an adult male resident of Kings County, in the State of New York.

        3.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        4.    At all relevant times hereinafter mentioned, defendant Florin Kuka

(Tax 936047), was employed by the City of New York as a member of the NYPD. Defendant Kuka is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendants John Does 1-5, were employed by the City of New York as members of the NYPD. Their identities are currently unknown to plaintiffs. The Doe defendants are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

**RELEVANT FACTS**

8. On August 10, 2010, at or between 9:30 and 10:00 p.m., plaintiffs were lawfully present in the backyard of a private residence on or near East 56th Street and Avenue H in Brooklyn, New York.

9. At this time, Kuka and the Doe defendants arrived in one or more NYPD vehicles, entered the backyard, and seized and arrested the plaintiffs.

10. Plaintiffs were not engaged in any unlawful or suspicious activity at the time of defendants' arrival.

11. Despite the absence of any evidence of wrongdoing on the part of

2

plaintiffs, the defendants formally arrested plaintiffs.

12. The plaintiffs were both searched at the scene of their arrest and again at the station house. Neither search yielded any evidence of guns, drugs, or contraband.

13. The decision to arrest plaintiffs was objectively unreasonable under the circumstances.

14. After a number of hours, plaintiff Nelson was issued a Desk Appearance Ticket ("DAT") by defendant Kuka, serial number 063-00386, which charged plaintiff Nelson with criminal possession of marijuana.

15. It is believed and understood that Kuka claimed to have witnessed plaintiff Nelson in possession of marijuana in order to justify the issuance of the DAT. Such claims were materially false and Kuka knew they were false at the time he made them.

16. Nelson was legally required to appear in criminal court to respond to the DAT and did so as directed. However, the DAT was never docketed by the court and he was never formally charged with any wrongdoing.

17. Plaintiff Bryant was held at the station house for a number of hours before he was transported to Kings County Central Booking, where he was further imprisoned until his arraignment.

18. Bryant was eventually arraigned on charges believed to be similar to those alleged against Nelson, also sworn to by Kuka. These charges are believed to have been later dismissed.

19. At no time prior to or during the encounter was there probable cause

3

to arrest plaintiffs.

20.   At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiffs.

21.   The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

22.   That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

23.   Plaintiffs repeat the allegations contained in paragraphs "1" through "22" above as though stated fully herein.

24.   The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

25.   The individual defendants willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical injuries, and did so without a reasonable basis to believe that such

conduct was appropriate, reasonable, lawful, or necessary.

26. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, excessive force, unlawful searches of person and property, and denial of due process through the fabrication of evidence, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

27. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

28. Plaintiffs repeat the allegations contained in paragraphs "1" through "27" above as though stated fully herein.

29. The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

30. More precisely, under this policy or plan, officers within the Narcotics Bureau, including the individual defendants, would secure warrants to search social clubs, apartments, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges. The arresting officer(s) would then make false statements of fact as to seeing narcotics in plain

5

view or otherwise in the possession of each of the persons arrested.

31. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

32. In addition, members of the Narcotics Bureau are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, members of the Narcotics Bureau routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

33. The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

34. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of

6

misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

35. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

36. Defendant City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

37. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

 i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

 ii. on the second cause of action, actual damages in an amount to be determined at trial;

 iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

 iv. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
   February 4, 2013

         Reibman & Weiner
         Attorneys for Plaintiffs

         _____
         Michael Lumer, Esq. (ML - 1947)
         26 Court Street, Suite 1808
         Brooklyn, New York 11242
         718-522-1743